# In the United States Court of Federal Claims

|  |  |
|---|---|
| MATTHEW-ALLEN MCCASTER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 24-cv-2027<br><br>Filed: October 23, 2025 |

**MEMORANDUM AND ORDER**

On August 11, 2025, this Court issued a Memorandum and Order granting Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, brought under the Indian Tucker Act and alleging a violation of trust obligations to Plaintiff's Indian tribe. *See generally McCaster v. United States*, No. 24-CV-2027, 2025 WL 2304705 (Fed. Cl. Aug. 11, 2025); ECF No. 20 (Dismissal). On August 21, 2025, Plaintiff timely filed a Motion for Reconsideration under Rules 59(e) and 60(b) of the Court of Federal Claims, requesting that the Court alter or vacate its judgment as void. ECF No. 23 (Motion for Reconsideration or MFR) at 3–4.[1] Having carefully reviewed and considered the parties' arguments as well as the entire record, the Court **DENIES** Plaintiff's Motion for Reconsideration for the reasons set forth below.

**BACKGROUND**

On December 9, 2024, Plaintiff Matthew-Allen McCaster, proceeding *pro se*, filed his original Complaint, and Defendant timely moved to dismiss Plaintiff's Complaint. ECF No. 1

---

[1] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

(Original Compl.); ECF No. 9 (Original Motion to Dismiss).[2]  On March 13, 2025, after the parties had fully briefed Defendant's Original Motion to Dismiss, Plaintiff filed a Motion for Leave to File an Amended Complaint Out of Time, which the Court granted.  *See* ECF Nos. 13 (Motion to Amend), 10 (Plaintiff's Original Response to Motion to Dismiss), 11 (Defendant's Original Reply in Support of Motion to Dismiss); 14 (Order Granting Plaintiff Leave to file Amended Complaint).

On March 19, 2025, Plaintiff filed his Amended Complaint as "Chief of the Mathias El Tribe" under the Indian Tucker Act, alleging numerous trust violations against the United States for failure to render tribal services.  *See* ECF No. 15 (Amended Complaint or Am. Compl.).  On April 2, 2025, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  *See* ECF No. 16 (Motion to Dismiss or MTD).  After fully considering the record and pleadings, this Court granted Defendant's Motion to Dismiss Plaintiff's Amended Complaint on several grounds.  *See generally* ECF No. 20 (Dismissal).  *First*, Plaintiff may not represent his Tribe as a *pro se* litigant under this Court's Rules, and therefore dismissal was appropriate under Rule 41(b).  Dismissal at 9–10.  *Second*, Plaintiff may not pursue claims under the Indian Tucker Act in his personal capacity.  *Id.* at 10.  *Third*, assuming *arguendo* that Plaintiff brought claims on his own behalf under the Tucker Act, Plaintiff did not invoke a substantive source of law establishing fiduciary duties or mandating the payment of money.  *Id.* at 11–20.  *Finally*, the Court lacked the authority to grant the relief requested.  *Id* at 21–24.  The Clerk of Court entered judgment in favor of Defendant on August 11, 2025.  *See* ECF No. 21.

On August 21, 2025, Plaintiff filed a Motion for Reconsideration, seeking to alter or amend this Court's judgment under Rule 59(e), and seeking to void the judgment under Rule 60(b)(4).

---

[2] This Court's Memorandum and Order recites a fulsome background of this case, familiarity with which is presumed.  *See McCaster v. United States*, No. 24-CV-2027, 2025 WL 2304705, *1–*3 (Fed. Cl. Aug. 11, 2025); ECF No. 20.

MFR at 2; *see also* Rules 59(e) and 60(b)(4).  Plaintiff claims that the Court failed to address certain exhibits included in Plaintiff's Amended Complaint, which, he contends, directly supports jurisdiction under 28 U.S.C. § 1505.  *See* MFR at 2–3.  On September 4, 2025, Defendant filed its Response to Plaintiff's Motion under Rule 60(b).[3]  ECF No. 24. (Response).  On September 12, 2025, Plaintiff filed a Reply to the Defendant's Response, entitled: "Plaintiff's Consolidated Motion to Vacate and Void Judgment, Clarify Record, and Enforce Protective Orders" ECF No. 26 (Reply),[4] which was marked deficient by the Clerk of Court.[5]  On September 19, 2025, this Court granted leave to Plaintiff to file his Reply despite the noted deficiencies.  ECF No. 25.[6]

---

[3] Under Rule 59(f), "[A] response to any motion under [Rule 59] may be filed only at the court's request and within the time specified by the court."  RCFC 59(f).  The Court did not request a response to Plaintiff's Rule 59(e) argument.  Therefore, Defendant's Response properly addresses only Plaintiff's Rule 60(b)(4) motion.

[4] Plaintiff filed his Reply as a "Motion", and, in addition to continuing his arguments for reconsideration, requested the Court "clarify" that his MFR invokes both Rule 59(e) and Rule 60(b)(4).  The request is denied as moot, as the docket text reflects this already.  *See* Docket entry for ECF No. 23.  He also requests various forms of relief dependent upon the Court granting reconsideration.  *See* Reply at 7.  As the Court denies the Motion for Reconsideration, these requests in his Reply are also denied as moot.  *See infra* at 10.

[5] In his Reply, Plaintiff incorrectly contends that Defendant filed its Response late and thus waived its opposition.  Reply at 7.  In fact, *Plaintiff's Reply* was filed one day late, but the Court, construing *pro se* filings liberally, declined to reject his filing despite this procedural infirmity.  *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (*pro se* filings are construed liberally); ECF No. 25.

[6] Plaintiff suggests for the first time in his Reply that he could appear as *guardian ad litem* for his Tribe.  Reply at 3.  This argument was available to Plaintiff at the time of his Amended Complaint, but he did not raise it and has consequently waived it.  *See Novosteel SA v. United States*, 284 F.3d 1261, 1273–74 (Fed. Cir. 2002) (finding a party had waived an issue by initially raising it in reply brief).  A Motion for Reconsideration "may not be used" here "to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted).

## STANDARD FOR RECONSIDERATION

Rule 59(a)(1) governs motions for reconsideration, including those to alter or amend judgments. *See* Rule 59(a), (e). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). Pursuant to Rule 59(a)(1), a court "may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)); Rule 59(a)(1). Reconsideration of a judgment must be supported "by a showing of extraordinary circumstances." *Id.* (citing *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)). Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted); *Hutchinson v. United States*, 171 Fed. Cl. 570, 576 (2024), *aff'd*, No. 2024-1269, 2025 WL 1603945 (Fed. Cir. June 6, 2025) ("[M]otions for reconsideration do not permit plaintiffs to relitigate their cases when they were given a full and fair opportunity to do so.").

Plaintiff also requests relief pursuant to Rule 60(b)(4). Under that Rule, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" if "the judgment is void." Rule 60(b)–(b)(4). For a judgment to be "void," it must suffer from a "fundamental infirmity"—and the "list of such infirmities is exceedingly short." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). "[I]t is well established that a judgment is void for purposes of 60(b)(4) only when the court that rendered the judgment lacked jurisdiction or failed to act in accordance with due

4

process." *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1084 (Fed. Cir. 1993).

## DISCUSSION

### I.     Plaintiff's Claim under Rule 59(e)

Plaintiff argues that it was "manifest error of law and fact" that the Court purportedly "failed to consider" and "failed to address" certain "controlling evidence" attached to his Amended Complaint. MFR at 2. Plaintiff lists five pieces of evidence: (i) the Mathias El Tribe Land Trust Agreement, (ii) a Tribal Deed, (iii) State-Authenticated Tribal Deed & Bylaws, (iv) Proof of IHS eligibility, and (v) Final Non-Interference & Protective Order of the Mathias El Tribe Supreme Court (Tribal Order). *Id.* Plaintiff asserts that the Court "fail[ed] to account" for these exhibits, which allegedly "directly evidenced federal trust responsibility, treaty applicability, and statutory eligibility under 25 U.S.C. §§ 1603(14), 4103(13)(B), 5404(e)," and "directly support[] jurisdiction" of the Court. *Id.* According to Plaintiff, this was a "manifest error of both law and fact," constituting clear error for which the Court should "alter or amend the judgment under Rule 59(e)." *Id.* at 2, 3.

The Court disagrees. The MFR and exhibits do not evidence an "intervening change in the controlling law" or "newly discovered evidence." *Biery*, 818 F.3d at 711. Nor does Plaintiff's Motion show a "clear factual or legal error or [need to] prevent manifest injustice." *Id.* That the Court has not explicitly cited an exhibit does not mean the court did not consider it. *See Carolina Tobacco Co. v. Bureau of Customs and Border Protection*, 402 F.3d 1345, 1350 (Fed. Cir. 2005) (citing *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1332 (Fed. Cir. 2004)). Indeed, in making its Dismissal decision, this Court considered all of Plaintiff's arguments and all

the evidence that was available to it.[7]  However, the Court also notes that none of the cited exhibits were relevant to the grounds for this Court's Dismissal, including: (i) whether Plaintiff can bring a claim *pro se* on behalf of an Indian tribe, (ii) whether he can bring a claim on his own behalf under the Indian Tucker Act, (iii) whether any of the statutes or treaties he cites are money-mandating under the Tucker Act, and (iv) whether the Court can grant the relief Plaintiff seeks.  The cited exhibits do not establish that Plaintiff, who is not an attorney barred in this Court, can bring a claim *pro se* on behalf of an Indian tribe.  *See* Dismissal at 9–10.  The exhibits do not demonstrate any ability for the Plaintiff to bring a claim on his own behalf under the Indian Tucker Act.  *See* Dismissal at 10.  Nor do the referenced exhibits reference any substantive money-mandating statutes or treaties that establish a trust or obligation between the Plaintiff and Defendant.  *See* Dismissal at 12-20; *see also Fletcher v. United States*, 26 F.4th 1314, 1324-25 (Fed. Cir. 2022).  Finally, the exhibits do not indicate that the Court has power to grant the equitable, declaratory, and punitive relief Plaintiff seeks.  *See* Dismissal at 21-24; *see also Shelden v. United States*, 742 F. App'x 496, 502 (Fed. Cir. 2018) (quotations omitted) ("[T]he Claims Court has no power to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment."); *Maddox v. United States*, No. 2025-1257, 2025 WL 1949636 at *2 (Fed. Cir. July 16, 2025) ("[T]he [C]ourt lack[s] jurisdiction to award punitive damages.").

In sum, Plaintiff is incorrect in his contention that the Court overlooked his exhibits and therefore "made an error not of reasoning but of apprehension."  MFR at 2.  The Court understood

---

[7] *See* Dismissal at 1 ("After a thorough review of Plaintiff's claims and applicable law, this Court holds that it lacks subject matter jurisdiction over each of Plaintiff's claims.").  The Court also notes that, in addition to being irrelevant, the "Final Non-Interference & Protective Order of the Mathias El Tribe Supreme Court" was not attached to the Amended Complaint and thus the Court did not overlook or fail to consider it, purportedly, as Plaintiff contends, in violation of Plaintiff's due process rights.  MFR at 2; *see* Amended Complaint.

Plaintiff well: he wished to bring claims under the Indian Tucker Act on behalf of his alleged Tribe. He was unable to do so pursuant to the Court's Rules, either on behalf of his Tribe or in his personal capacity. Liberally construing Plaintiff's filings, the Court examined every statute and treaty Plaintiff invoked for a cognizable claim under the Tucker Act, before concluding that he sought relief that the Court cannot provide, based on treaties and statutes outside its jurisdiction. *See* Dismissal at 11–20. Accordingly, Plaintiff has not shown the "extraordinary circumstances" necessary for this Court to grant reconsideration under Rule 59(e). *Caldwell*, 391 F.3d at 1235.

## II.     Plaintiff's Rule 60(b)(4) Claim

Plaintiff makes two arguments in support of his contention that the Court should vacate its judgment under Rule 60(b)(4). First, Plaintiff claims that the Court's judgment is void under Rule 60(b)(4) because jurisdiction was denied "on an incomplete record" that ignored his exhibits. MFR at 2–3. Second, Plaintiff argues that the Court's judgment is void because it relied on Rule 83.1(a)(3) to bar *pro se* representation of tribal claims. *Id.* at 2. Plaintiff claims that the Court's action "improperly nullified" the Court's jurisdiction,[8] "exceed[ing] its procedural authority." *Id.* at 2–3. Plaintiff asks that the Court "expressly rule that RCFC 83.1(a)(3) does not apply to sovereign tribal appearances under § 1505."[9] MFR at 4.

---

[8] Plaintiff argues in his Reply in support of his MFR that "Plaintiff does not appear as a corporation or 'entity.'" Reply at 1. This argument was available to Plaintiff before this Court dismissed his case, and he may not relitigate his claims in a motion for reconsideration. *Exxon Shipping Co.*, 554 U.S. at 485 n.5. Furthermore, the Federal Circuit's precedent is clear: Plaintiff's Tribe must be represented by an attorney of this Court's bar. *See Williams v. United States*, 482 F. App'x 580, 582 (Fed. Cir. 2012) (concluding that "[t]he Claims Court correctly held that [plaintiff's] *pro se* status barred her from asserting claims" on behalf of an Indian Tribe).

[9] Plaintiff cites a case that does not appear in any reporter, *R.D. Bennett Constr. Co. v. United States*, 157 Ct. Cl. 196, 206 (1962), for the proposition that "statutory jurisdiction cannot be defeated by procedural technicality." MFR at 3. Instead, the reporter citation leads to *Lipp v. United States*, 157 Ct. Cl. 197 (1962), a military pay case. Plaintiff is admonished that citation

The Court rejects Plaintiff's arguments. As explained above, Plaintiff's exhibits do not relate to the grounds for the Court's dismissal, which addressed threshold issues of jurisdiction and compliance with the Court's Rules. *See supra* Section I. Furthermore, the Court did not exceed its authority when it determined that it lacked jurisdiction, or that Plaintiff's action should be dismissed under Rule 41(b) because he was in violation of Rule 83.1. As Defendant states in its Response, "a federal court always has jurisdiction to determine its own jurisdiction." Resp. at 4 (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). As for Rule 83.1, "[i]t is well established that a court's procedural rules promulgated pursuant to statutory authorization are deemed to have the force and effect of law." *M.A. Mortenson Co. v. United States*, 996 F.2d 1177, 1183–84 (Fed. Cir. 1993). Thus, the mandate of Rule 83.1, that entities be represented by an attorney of the Court's bar, "is binding on both the court and the parties litigating before the court." *See id.* at 1184.[10]

In sum, the Court did not deny Plaintiff due process or the opportunity to be heard. Indeed, it allowed him to amend his complaint after briefing was complete, considered all his arguments, addressed all statutes he invoked, and listed multiple grounds for dismissal. *See* Dismissal at 2, 9–11, 21.

### III.    Plaintiff's Various Other Claims

Plaintiff posits various other arguments for reconsideration and relief from judgment, none of which constitute the "extraordinary" grounds required for this Court to grant

---

of illegitimate authorities is a violation of Rule 11 and may subject him to future sanctions. *See Polinski v. United States*, No. 25-CV-783, 2025 WL 2935059, at *11 (Fed. Cl. Oct. 15, 2025); *Sanders v. United States*, 176 Fed. Cl. 163, 168-70 (2025).

[10] Nor does Rule 83.1 "nullif[y]" the Court's jurisdiction. MFR at 2. As Defendant points out, the Mathias el Tribe would "presumably still be able to present its Tucker Act claims to this Court . . . if it does so through counsel, and so the Court still retains § 1505 jurisdiction to hear the tribe's claims." Resp. to MFR at 5.

reconsideration or vacation of judgment. *See Caldwell*, 391 F.3d at 1235. Plaintiff argues that Federal conduct, as is purportedly shown in the exhibits, acknowledges the Tribe under Section 1505. MFR at 3. This is mere repetition of the argument in his Response to the Motion to Dismiss. *See* ECF No. 18 at 2. Again, plaintiffs may not use a motion for reconsideration to relitigate a closed case. *See Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993) (finding no manifest error of law or fact when the movant "merely reasserts . . . arguments previously made . . . all of which were carefully considered by the court."); *Hymas v. United States*, 141 Fed. Cl. 735, 738 (2019) (citing cases) ("Reconsideration of a judgment is not intended to permit a party to retry the allegations included in plaintiff's complaint when it previously was afforded a full and fair opportunity to do so.").

    Additionally, Plaintiff argues on reconsideration that the Treaty of Dancing Rabbit Creek is a "federal promise" of rights which "cannot be nullified by administrative omission." MFR at 3. Federal promise or not, as noted in this Court's Dismissal, the enforcement of any protections in the Treaty of Dancing Rabbit Creek is beyond this Court's limited jurisdiction. Dismissal at 13–15. Finally, Plaintiff contends that the Court's denial of standing while providing statutory benefits is a breach of trust under *United States v. Mitchell*, 463 U.S. 206 (1983). MFR at 3. This is incorrect. Rather than a breach of trust, it is the Court's responsibility to address jurisdictional issues and to follow its own Rules. *See M.A. Mortenson Co.*, 996 F.2d at 1184; *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019).

****

## **CONCLUSION**

For the reasons explained above, Plaintiff's Motion for Reconsideration (ECF No. 23) is **DENIED**. Plaintiff's "Consolidated Motion to Vacate Void Judgment Clarify Record and Enforce Protective Orders" (ECF No. 26) is **DENIED as MOOT**.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge