# In the United States Court of Federal Claims

<table>
<tr><td>

MATTHEW-ALLEN MCCASTER,

    Plaintiff,

    v.

THE UNITED STATES,

    Defendant.

</td><td>

No. 24-cv-2027

Filed: February 19, 2026

</td></tr>
</table>

## ORDER

On August 11, 2025, this Court issued a Memorandum and Order granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint, brought under the Indian Tucker Act and alleging a violation of trust obligations to Plaintiff's Indian tribe. *See generally McCaster v. United States*, No. 24-cv-2027, 2025 WL 2304705 (Fed. Cl. Aug. 11, 2025); ECF No. 20 (Dismissal Order). On October 23, 2025, this Court denied Plaintiff's Motion for Reconsideration under Rules 59(e) and 60(b)(4). *McCaster v. United States*, No. 24-cv-2027, 2025 WL 2992380, at \*1 (Fed. Cl. Oct. 23, 2025); ECF No. 28. On February 6, 2026, Plaintiff attempted to file two more documents, "Motion to Reopen and Correct the Record" and "Notice of Party Clarification and Correction of Caption," which were filed by leave of the Court on February 17, 2026. ECF Nos. 30 (Motion to Reopen); 30-1 (Motion for Correction). These most-current motions in this closed case are repetitive of Plaintiff's previous arguments, briefing, and motions. Having carefully reviewed and considered Plaintiff's arguments as well as the entire record, the Court **DENIES** Plaintiff's Motion to Reopen and Correct the Record and Notice of Party Clarification and Correction of Caption for the reasons set forth below.

**BACKGROUND**

On December 9, 2024, Plaintiff Matthew-Allen McCaster, proceeding *pro se*, filed his Complaint in this Court, and Defendant timely moved to dismiss Plaintiff's Complaint. ECF No. 1 (Original Compl.); ECF No. 9 (Original Motion to Dismiss).[1] On March 13, 2025, after the parties had fully briefed Defendant's Original Motion to Dismiss, Plaintiff filed a Motion for Leave to File an Amended Complaint Out of Time, which the Court granted. *See* ECF Nos. 11 (Defendant's Original Reply in Support of Motion to Dismiss); 13 (Motion to Amend), 10 (Plaintiff's Original Response to Motion to Dismiss); 14 (Order Granting Plaintiff Leave to file Amended Complaint). On March 19, 2025, Plaintiff filed his Amended Complaint as "Chief of the Mathias El Tribe" under the Indian Tucker Act, alleging numerous trust violations against the United States for failure to render tribal services. *See* ECF No. 15 (Amended Complaint). On April 2, 2025, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). *See* ECF No. 16 (Motion to Dismiss or MTD). After fully considering the record and pleadings, the Court granted Defendant's Motion to Dismiss Plaintiff's Amended Complaint on several grounds. *See generally* Dismissal Order. On August 11, 2025, the Court granted the Government's Motion to Dismiss, Judgment was entered, and the Clerk of Court closed the case accordingly. *See* Dismissal Order; ECF No. 21 (entry of Judgment).

Ten days later, on August 21, 2025, Plaintiff filed a Motion for Reconsideration, seeking to alter or amend this Court's judgment under Rule 59(e) and to void the judgment under Rule 60(b)(4). ECF No. 23 (Motion for Reconsideration). Specifically, Plaintiff claimed that it was

---

[1] This Court's Memorandum and Orders recite a fulsome background of this case, familiarity with which is presumed. *See McCaster v. United States*, No. 24-cv-2027, 2025 WL 2304705, *1–*3 (Fed. Cl. Aug. 11, 2025); *McCaster v. United States*, No. 24-cv-2027, 2025 WL 2992380 (Fed. Cl. Oct. 23, 2025); ECF Nos. 20, 28.

2

"manifest error of law and fact" under Rule 59 that the Court purportedly "failed to consider" and "failed to address" the "controlling evidence" attached to his Amended Complaint. Motion for Reconsideration at 2. He also claimed that the Court's judgment was void under Rule 60(b)(4) because jurisdiction was denied "on an incomplete record" that purportedly ignored his exhibits, and because the Court relied on Rule 83.1(a)(3) to bar *pro se* representation of tribal claims. *Id.* at 2–3. On September 15, 2025, Plaintiff attempted to file a Consolidated Motion to Vacate Void Judgment Clarify Record and Enforce Protective Orders (Consolidated Motion), which the Clerk of Court marked as deficient. *See* Docket Entry dated September 15, 2025. On September 19, 2025, the Court granted leave to file the Consolidated Motion on the docket. *See* ECF No. 26. On October 23, 2025, upon thorough review of the briefing, the Court again ruled in favor of Defendant, denying Plaintiff's Motion for Reconsideration under Rules 60(b)(4) and 59(e), as well as his Consolidated Motion. *See* ECF No. 28; *McCaster v. United States*, No. 24-cv-2027, 2025 WL 2992380 (Fed. Cl. Oct. 23, 2025) (Denial of Motion for Reconsideration).

On February 6, 2026, Plaintiff submitted two new filings in this closed case: a "Motion to Reopen and Correct the Record" and a "Notice of Party Clarification and Correction of Caption," both of which the Clerk of Court marked as deficient. *See* Docket Entry dated February 6, 2026. On February 17, 2026, the Court granted leave to file these documents on the docket and the Clerk of Court docketed the documents the next day. *See* ECF Nos. 29 (Order); 30 (Motion to Reopen); 30-1 (Motion for Correction). The Motion to Reopen is repetitive of Plaintiff's prior motions and briefing and argues that the Dismissal Order and the Denial of Motion for Reconsideration wrongly held that the Court lacks jurisdiction. Motion to Reopen at 1. In particular, Plaintiff argues that the Court wrongly characterized Matthew-Allen McCaster as Plaintiff, rather than the tribe that Plaintiff seeks to represent. *Id.* The Motion for Correction requests the Court replace the current

3

name listed on the docket ("Matthew-Allen McCaster") with the name of the tribe that Plaintiff claims to represent ("The Mathias El Tribe"). Motion for Correction at 1. The Court addresses each filing in turn.

**STANDARD FOR RELIEF**

Defendant filed his Motion to Reopen under Rules 60(b)(4) and 60(b)(6). Mot. to Reopen at 1. Rule 60(b)(4) states that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" if "the judgment is void." Rule 60(b)(4). For a judgment to be "void," it must suffer from a "fundamental infirmity"—and the "list of such infirmities is exceedingly short." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). "[I]t is well established that a judgment is void for purposes of 60(b)(4) only when the court that rendered the judgment lacked jurisdiction or failed to act in accordance with due process." *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1084 (Fed. Cir. 1993).

Rule 60(b)(6) states that relief may also be based on "any other reason that justifies relief." Rule 60(b)(6). This provision is available "only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002); *see Mendez v. United States*, 600 F. App'x 731, 733 (Fed. Cir. 2015) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)); *Rogero v. Sec'y of Dep't of Health & Human Servs.*, 143 Fed. Cl. 21, 26 (2019) (quoting *CEATS, Inc. v. Cont'l Airlines, Inc.*, 755 F.3d 1356, 1361 (Fed. Cir. 2014)).

**DISCUSSION**

## I.    Motion to Reopen and Correct the Record

Plaintiff's Motion to Reopen requests that the Court "reopen the case and correct a jurisdictional mischaracterization that treated this action as one brought by an individual proceeding pro se, rather than by a tribal group."  Mot. to Reopen at 1. (citing Rules 60(b)(4) and 60(b)(6)).  According to Plaintiff, the Court purportedly erred when it characterized Plaintiff as the party bringing this suit, rather than the tribe he allegedly represents.  *Id.* at 2.  The Court dismissed Plaintiff's suit for lack of jurisdiction because Plaintiff, who is not an attorney, cannot bring a claim on behalf of his tribe and because Plaintiff cannot bring a claim under the Indian Tucker Act, 28 U.S.C. § 1505, in his individual capacity.  *See* Dismissal Order, 2025 WL 2304705, at *5–6.  Plaintiff contends that this decision was a jurisdictional error, which made the judgment void under Rule 60(b)(4).  Motion to Reopen at 2. ("A judgment is void where it rests on a fundamental jurisdictional defect.").  Plaintiff also asserts that the same alleged jurisdictional issue constitutes extraordinary circumstances under Rule 60(b)(6).  *Id.* ("Even if not void, extraordinary circumstances justify reopening[.]").

Plaintiff asks the Court to consider arguments it has repeatedly rejected.  The Court's Dismissal Order rejected the argument that Plaintiff, who is not an attorney barred in the Court of Federal Claims, could represent his tribe in a lawsuit.  Dismissal Order, 2025 WL 2304705, at *5.  The Dismissal Order also rejected the argument that Plaintiff could bring an Indian Tucker Act claim in his personal capacity.  Dismissal Order, 2025 WL 2304705, at *6.  The Denial of the Motion for Reconsideration similarly held that Plaintiff could not bring suit on behalf of a tribe.  Denial of Mot. for Reconsideration, 2025 WL 2992380, at *4.  In addition, the Denial of the

Motion for Reconsideration held, once again, that the Court lacked jurisdiction over an Indian Tucker Act claim brought in Plaintiff's personal capacity. *Id.*

As before, Plaintiff's jurisdictional argument lacks merit. Plaintiff again asserts incorrectly that the Court's Rule that entities (including tribes) must be represented by barred attorneys improperly limits the jurisdiction granted in the Indian Tucker Act. Mot. to Reopen at 2 ("Procedural rules cannot override a congressionally conferred forum for Indian claims."). Plaintiff also argues that the rule that an attorney must represent an entity does not apply to an Indian tribe because it is "not a corporation or artificial entity." *Id.* However, contrary to Plaintiff's contentions, the United States Court of Appeals for the Federal Circuit has held the opposite, ruling that only an attorney can represent a tribe in a lawsuit in the Court of Federal Claims. *See Williams v. United States*, 482 F. App'x 580, 582 (Fed. Cir. 2012) (concluding that the United States Court of Federal Claims "correctly held that [plaintiff's] *pro se* status barred her from asserting claims" on behalf of an Indian tribe). Plaintiff did not allege that he is an attorney. *See* Am. Compl. Pursuant to Rule 83.1, Plaintiff cannot represent his tribe in a lawsuit; accordingly, the Court could only consider claims that Plaintiff brought in his personal capacity. *See* Dismissal Order, 2025 WL 2304705, at *5. However, as it is well-established that a plaintiff cannot bring his Indian Tucker Act claims in a personal capacity, as Plaintiff seeks to do here, the Court lacks jurisdiction over Plaintiff's claims. *Id.* at 2025 WL 2304705, at *6; *see also Tsosie v. United States*, 825 F.2d 393, 401 (Fed. Cir. 1987) ("[A]n Indian tribe can sue . . . under 28 U.S.C. § 1505 and an individual Indian can sue under 28 U.S.C. § 1491[.]"). Accordingly, the Court's Judgment in favor of Defendant was not void for a jurisdictional error, and there are no extraordinary circumstances present, especially where, as here, the Court correctly determines it lacks jurisdiction. *See* Rule 60(b)(4), (6). The Court **DENIES** Plaintiff's Motion to Reopen.

## II.    Motion for Correction

Plaintiff's other filing, styled as a "Notice of Party Clarification and Correction of Caption," fares no better. [2] In this Motion for Correction, also duplicative of prior filings, Plaintiff requests that the Court change the name of the plaintiff in this case's caption from "Matthew-Allen McCaster" to "The Mathias El Tribe, an identifiable group of American Indians, by and through its Chief and duly appointed representative, Mathew-Allen McCaster."  Motion for Correction at 1; *see also* ECF No. 18 (Plaintiff's Opposition to Motion to Dismiss) at 1 (listing Mathias El Tribe as Plaintiff in this suit); Mot. for Reconsideration at 2 (arguing that the Mathias El Tribe is the proper Plaintiff in this suit).  No justification exists to alter the caption of this case.  Indeed, Plaintiff listed himself, not the alleged tribe, as the plaintiff on his Complaint and Amended Complaint.  *See* ECF Nos. 1; 15.  Furthermore, as described above, *see supra* I, the Court has repeatedly held that the proper plaintiff in this case is Mr. McCaster, rather than the alleged tribe. Accordingly, for the reasons stated above and in this Court's prior opinions and orders, the alleged tribe shall not be listed in the caption as a plaintiff.  *See supra* I.  The Court **DENIES** the Motion for Correction.

## CONCLUSION

Plaintiff's Motion to Reopen and Correct the Record (ECF No. 30) and Notice of Party Clarification and Correction of Caption (ECF No. 30-1) are **DENIED.**  These two documents are the second and third post-judgment motions Plaintiff has filed, all of which rehashed arguments the Court had already rejected.  Plaintiff shall refrain from filing any further motions reiterating

---

[2] Although Plaintiff styles his filing as a "Notice," the Court considers it as a motion, because Plaintiff requests a correction of the caption within it.

the same non-meritorious arguments in this long-closed case. *See Allen v. United States*, 88 F.4th 983, 987 (Fed. Cir. 2023) (holding that the Court of Federal Claims has the "inherent power to sanction bad-faith conduct, including vexatious litigation").

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

8